[Guernsey Circuit Court, June Term, 1890.]
Woodbury, Frazier and Laubie, JJ.

## MAGGIE NELSON v. JAMES KENNEDY.

CANNOT SET UP A LAW CLAIM ON APPEAL.

Where, in an action in the court of common pleas to marshall liens upon real estate, one of the defendants therein, filed a cross-petition claiming a vendor's lien, takes an appeal; Held: that on such appeal in this court, he can not be allowed to file herein such a supplemental and amended pleading as would have raised an issue triable by a jury and prevented him from taking an appeal, had the same been filed in the lower court.

ERROR to the Court of Common Pleas of Guernsey county.

The plaintiff brought her action below to marshall liens upon real estate of James Kennedy, she being a judgment creditor of James Kennedy, and the other defendants being various judgment creditors and mortgagees, and one W. N. Leeper, who claimed a vendor's lien. In the common pleas Leeper filed a cross-petition with which issue was joined by other lienholders, a trial was had, judgment went against Leeper, and he appealed his branch of the case. In the circuit court, all issues having been disposed of according to agreement of the parties, Leeper, before final entry, asked leave to file a supplemental cross-petition, asking a personal judgment against James Kennedy, and, objection being made, the motion was submitted to the court.

WOODBURY, J.

It is not necessary to state in detail the state of the case below, and the character of all the issues made in it. The defendant Leeper filed his cross-petition in the common pleas, pleading the fact of a sale by him to James Kennedy of certain lands, the price thereof, the terms of sale, the fact that a note was given by Kennedy for part of the purchase-money which was not due and had not been paid, and asking that his vendor's lien be protected out of the proceeds of a sale. He did not ask for a personal judgment, and, as has been said, his note was not then due and judgment could not have been taken on it. He applies for leave to file a supplemental cross-petition setting up the maturity of the note, and asking a personal judgment as against Kennedy. If Leeper had set up these facts in the court below, if he could have set them up, and have asked a personal judgment in that court, no appeal could have been allowed to this court, for the defendant to the cross-petition would have been entitled to a jury trial upon it. Section 5021 of the Code provides:

"In an action to foreclose a mortgage given to secure the payment of money, or to enforce a specific lien for money, the plaintiff may also ask in his petition a judgment for the money claimed to be due; and such proceedings shall be had, and judgment rendered thereon, as in a civil action for the recovery of money only."

So that, if in these classes of cases a party sets up a specific lien, and asks a personal judgment, the issue is properly triable to a jury, and no appeal would be allowed. Now the defendant, Leeper, is in this court because of his appeal of the branch of the case in which he was interested; and, as he would not have been allowed to appeal had he made such an amendment, or filed such a supplemental pleading below, we think he ought not to be allowed to do so upon appeal to this court.

Anderson & Locke, and Mathews & Heade, for Leeper.
Steele & Rosemond, *contra*.